UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA L PICI,

    Plaintiff,

v.                                                 Case No: 8:14-cv-1835-T-36TGW

21ST CENTURY CENTENNIAL
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Defendant's Motion to Dismiss (Doc. 6), and the Plaintiff's Response thereto (Doc. 11). In the motion, Defendant states that Counts II and III are premature until the underlying action for insurer liability is resolved and should be dismissed. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss.

**I.    Background**

As alleged in the Complaint, on or about October 6, 2012, an unidentified driver was operating a Ford SUV motor vehicle traveling northbound on I-75 (SR93A), at or near the intersection of Fowler Avenue, in Hillsborough County, Florida. Doc. 2 at ¶ 5. On the same day, Plaintiff, TERESA L. PICI ("Pici"), was a restrained passenger in a 2012 Honda motor vehicle. *Id.* at ¶ 6. The Ford SUV collided with the Honda that Pici was riding in. *Id.* at ¶ 7. As a result of the collision, allegedly caused by the negligent operation of the Ford SUV motor vehicle, Pici suffered serious and permanent injuries. *Id.* at ¶ 8. The unidentified driver failed to carry adequate bodily injury insurance to compensate Pici for her injuries. *Id.* at ¶ 10.

At all times material hereto, there was in full force and effect a policy of automobile liability insurance, Policy Number 0001334617, containing uninsured/underinsured motorist coverage, issued and delivered by Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY ("21st Century") in Pasco County, Florida to cover Pici's injuries and damages caused by the motor vehicle collision. *Id.* at ¶ 11. Notice of the subject accident was promptly furnished by the Plaintiff to the Defendant, and the Plaintiff has complied with all conditions precedent prior to the institution of this action or the same have otherwise already occurred. *Id.* at ¶ 13. Pici alleges that 21st Century breached its duty of good faith by failing to make good faith attempts to settle her claim. *Id*. at ¶ 19.

Plaintiff filed a three-count complaint in state court alleging a cause of action for an uninsured/underinsured motorist claim (Count I), a cause of action for bad faith claims handling based upon Fla. Stat. § 624.155 (Count II), and a claim for declaratory judgment (Count III). *See* Doc. 2. Defendant removed that Complaint to this Court on July 30, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Doc. 1. In its motion to dismiss, Defendant argues that Counts II and III are premature until the underlying action for liability is resolved. Plaintiff concedes that Count II is premature, but requests that it be "abated" rather than dismissed. As to Count III, Plaintiff argues that this count is not premature because it seeks declaratory relief.

**II.      Standard of Review**

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible

on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion labeled as a "factual allegation" in the complaint. *Id*. Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (citation omitted).

### III.   Discussion

#### A.   Count II

As previously stated, Plaintiff concedes that Count II, for bad faith claims handling based upon Fla. Stat. § 624.155, is premature. Plaintiff argues, however, that Count II be abated rather than dismissed.

> Under similar circumstances, courts have found abatement the preferred remedy to dismissal. *See, e.g., Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.,* 527 F. Supp. 2d 1355, 1367 (M.D. Fla. 2007); *O'Rourke v. Provident Life & Accident Ins. Co.,* 48 F. Supp. 2d 1383, 1385 (S.D. Fla. 1999). "Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen." *O'Rourke,* 48 F. Supp. 2d at 1385.

*Palma Vista Condo. Ass'n v. Nationwide Mut. Fire Ins. Co.,* Case No. 8:09-cv-155-T-27EAJ, 2009 WL 2956923, 1 (M.D. Fla. June 10, 2009). Thus, Count II will be abated pending adjudication of Count I.

#### B.   Count III

With regard to Count III, which seeks a declaratory judgment, Defendant argues that it does not present a case or controversy and, therefore, is not within this Court's jurisdiction under Article III of the U.S. constitution.

Plaintiff argues that Count III should not be dismissed or abated because it is ripe and will hasten resolution of Count II. Plaintiff relies solely on an order issued by District Judge Mary S. Scriven in *Leuty v. State Farm Mutual Automobile Ins. Co.,* Case Number 8:13-cv-3038-T-35MAP. Judge Scriven's reasoning, while not binding on this court, is persuasive. "A resolution of Plaintiff's declaratory judgment claim will allow the Court to enter a judgment, if any, that can declare Plaintiff's damages, including any amount in excess of the policy limits. This determination is an element of Plaintiff's bad faith claim." *Id.* at Doc. 16, p. 9-10. Thus, Judge Scriven did not dismiss the declaratory judgment claim.

Here, 21st Century claims that Count III is not based on a live controversy because it asks the court to determine damages in a speculative bad faith case which may not even arise. This misinterprets the relief requested in Count III. Rather than seeking a determination of how much Plaintiff would be entitled to in a bad faith action, Count III asks for a declaration of the total amount of damages suffered by Plaintiff as a result of the accident. Certainly the amount of these damages is in dispute, and represents an active controversy, between the parties. The declaratory judgment would be helpful if a bad faith action follows, but not determinative of the bad faith action. Thus, this Court will not dismiss Count III.

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 6) is **DENIED.**

2. Count II of Plaintiff's Complaint (Doc. 2) shall be **ABATED** pending adjudication of Count I, during which time the Court will not permit any discovery, pleadings, motions, or other matters directed to Count II. After adjudication of Count I, the parties may move the Court to lift the abatement as to Count II.

**DONE AND ORDERED** in Tampa, Florida on January 8, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any